UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
JAMES LEE,                                                              :
                                                                        :
                                  Plaintiff,                            :     17-CV-7249 (JMF)
                                                                        :
                -v-                                                     :     MEMORANDUM OPINION
                                                                        :            AND ORDER
KYLIN MANAGEMENT LLC,                                                   :
                                                                        :
                                  Defendant.                            :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Plaintiff James Lee ("Lee") brought this action against his former employer, Kylin Management LLC ("Kylin"), alleging that Kylin has withheld over $3 million in compensation to which he was rightly entitled. The operative complaint, the First Amended Complaint, alleges claims against Kylin for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, quantum meruit, and violations of New York labor law. *See* Docket No. 8 ("FAC"), ¶¶ 42-62. Lee now moves for leave to file a Second Amended Complaint, principally to add a new claim of unjust enrichment against Kylin's principal, Ted Kang. *See* Docket No. 68 ("Lee Mem."); Docket No. 69-1 ("Proposed SAC").

      Rule 15 of the Federal Rules of Civil Procedure provides that courts should "freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). Applying that standard, the Second Circuit "has held that a Rule 15(a) motion should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party." *Aetna Cas. & Sur. Co. v. Aniero Concrete Co.*, 404 F.3d 566, 603 (2d Cir. 2005) (per curiam) (internal quotation marks omitted). But where, as

here, a plaintiff seeks to amend after a court-ordered deadline to do so, *see* Docket No. 25 ("Scheduling Order"), ¶ 5, the plaintiff must also satisfy Rule 16(b)(4)'s "good cause" standard. *See* Fed. R. Civ. P. 16(b)(4). The "primary consideration" in determining whether good cause exists under Rule 16(b)(4) is "whether the moving party can demonstrate diligence." *Kassner v. 2nd Ave. Delicatessen, Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). "Specifically, the moving party must demonstrate that it has been diligent in its efforts to meet the Court's deadlines, and that despite its having exercised diligence, the applicable deadline could not have been reasonably met." *Alaska Elec. Pension Fund v. Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626 (S.D.N.Y. 2018) (internal quotation marks omitted). A party cannot make that showing "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Id.*

Applying those standards here, the Court grants Lee's motion. First, Lee satisfies the "good cause" standard because the proposed new claim is based on information that he learned for the first time shortly before he filed his motion: namely, that Kang received a portion of the disputed funds. Until Lee learned that information, any claim of unjust enrichment against Kang personally would have failed because such a claim requires proof that the defendant actually received some benefit. *See, e.g.*, *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 69 (2d Cir. 2018); *Regnante v. Sec. & Exch. Officials*, 134 F. Supp. 3d 749, 772-73 (S.D.N.Y. 2015); *Kingdom 5-KR-41, Ltd. v. Star Cruises PLC*, No. 01-CV-2946 (AGS), 2002 WL 432390, at *10 (S.D.N.Y. Mar. 20, 2002). Kylin does not argue otherwise, but asserts that Lee "should have known" that the disputed funds might have been distributed to Kang because any funds were "within Kang's discretion to reallocate." Docket No. 72 ("Kylin Mem."), at 3. But there is a critical difference between having information sufficient to conclude that something *could* have

2

happened, and having a factual basis to allege that it *did* happen. Accordingly, the Court finds that Lee satisfies Rule 16(b)(4)'s "good cause" standard.

Kylin's only other argument against amendment — that any unjust enrichment claim against Kang would be futile because it relates to the subject matter of contracts between Lee and Kylin, *see* Kylin Mem. 5 — presents a closer question. It is true that "the existence of a valid and enforceable written contract governing a particular subject matter ordinarily precludes recovery in quasi contract [*e.g.*, in unjust enrichment] for events arising out of the same subject matter." *In re First Cent. Fin. Corp.*, 377 F.3d 209, 213 (2d Cir. 2004) (citing *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190, 193 (N.Y. 1987)). And it is also true that "[n]umerous decisions applying New York law" have held that that principle applies "even if," as here, "one of the parties to the claim is not a party to that contract." *Mueller v. Michael Janssen Gallery Pte. Ltd.*, 225 F. Supp. 3d 201, 207 (S.D.N.Y. 2016) (internal quotation marks omitted) (citing cases). But that view is far from universal, as some courts have held that "the mere existence of a written contract governing the same subject matter does not preclude" recovery in quasi-contract "from *non parties* so long as the other requirements for quasi contracts are met." *Seiden Assocs., Inc. v. ANC Holdings, Inc.*, 754 F. Supp. 37, 40-41 (S.D.N.Y. 1991) (Mukasey, J.) (emphasis added); *see, e.g.*, *Taylor Precision Prods., Inc. v. Larimer Grp., Inc.*, No. 1:15-CV-4428 (ALC), 2018 WL 4278286, at *30-31 (S.D.N.Y. Mar. 26, 2018) (citing cases); *see Law Debenture v. Maverick Tube Corp.*, No. 06-CV-14320 (RJS), 2008 WL 4615896, at *12 (S.D.N.Y. Oct. 15, 2008) (describing the issue as "somewhat unsettled" under New York law).

Although the case law in recent years has largely "tacked" away from the view adopted by Judge Mukasey in *Seiden*, *see Network Enters., Inc. v. Reality Racing, Inc.*, No. 09-CV-4664

3

(RJS), 2010 WL 3529237, at *7 (S.D.N.Y. Aug. 24, 2010) — to the point that at least one judge has stated that his decision "is no longer considered good law," *Mueller*, 225 F. Supp. 3d at 207 — the Court concludes that his view is in fact the correct one. For one thing, it is more consistent with precedent from the New York Court of Appeals, which recognized an unjust enrichment claim brought against a third party despite a related contract in *Bradkin v. Leverton*, 257 N.E.2d 643 (N.Y. 1970), and has not closed the door on such claims since. *See, e.g.*, *IDT Corp. v. Morgan Stanley Dean Witter & Co.*, 907 N.E.2d 268, 274 (N.Y. 2009) (holding that unjust enrichment "is an obligation imposed by equity to prevent injustice, in the absence of an actual agreement *between the parties concerned*. Where *the parties* executed a valid and enforceable written contract governing a particular subject matter, recovery on a theory of unjust enrichment for events arising out of that subject matter is ordinarily precluded." (emphases added)). By contrast, the courts in this District that have parted ways with *Seiden* have not relied on Court of Appeals precedent. Instead, they have generally relied on Appellate Division decisions of dubious lineage, which are not binding on federal courts in any event. *See, e.g.*, *Calvin Klein Ltd. v. Trylon Trucking Corp.*, 892 F.2d 191, 195 (2d Cir. 1989) (noting that, "[a]bsent a rule of decision formulated by the New York Court of Appeals," a federal court is "not bound by the opinions issued by the state's lower courts," and must make its "best estimate as to how New York's highest court would rule" (internal quotation marks omitted)).[1]

---

[1] The courts in this District that have parted ways with *Seiden* have primarily relied on a chain of decisions ultimately traceable to a pair of First Department cases whose own foundation in Court of Appeals precedent is suspect: *Bellino Schwartz Padob Advertising, Inc. v. Solaris Marketing Group, Inc.*, 635 N.Y.S.2d 587 (App. Div. 1995), and *Feigen v. Advance Capital Management Corp.*, 541 N.Y.S.2d 797 (App. Div. 1989). *See, e.g.*, *SCM Grp., Inc. v. McKinsey & Co., Inc.*, No. 10-CV-2414 (PGG), 2011 WL 1197523, at *8 n.4 (S.D.N.Y. Mar. 28, 2011); *Law Debenture*, 2008 WL 4615896, at *12; *Am. Med. Ass'n v. United Healthcare Corp.*, No. 00-CV-2800 (LMM), 2007 WL 683974, at *10 (S.D.N.Y. Mar. 5, 2007) (each citing *Bellino*, *Feigen*, or subsequent cases relying on *Bellino* or *Feigen*). *Bellino* contains very little reasoning

More broadly, Judge Mukasey's view is more consistent with "the logic of the equitable doctrine of quantum meruit which is designed to prevent unjust enrichment where the absence of an enforceable contract otherwise prevents recovery from [noncontracting] parties." *Seiden*, 754 F. Supp. at 41; *accord Taylor Precision Prods.*, 2018 WL 4278286, at *30-31. The allegations here present a case in point. Kang is neither a party to, nor bound by the terms of, any contract with Lee. Thus, the gravamen of Lee's proposed claim is not that Kang breached a contractual obligation to *pay* Lee; instead, it is that Kang unjustly *received* and retained Lee's money. As Lee points out, Kylin's position, if accepted, would produce the unfair result "of immunizing Mr. Kang for his own conduct in receiving and retaining funds belonging to Mr. Lee, notwithstanding that there is no contract between Mr. Kang and Mr. Lee and therefore no claim in contract." Docket No. 75, at 4. It would also create a perverse incentive for closely held companies that are parties to a contract to transfer the moneys owed on a contract to their principals. After all, if Lee were to prevail on his contract claim against Kylin, he would have no

---

on this point, merely citing *Feigen* and a Court of Appeals case, *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 516 N.E.2d 190 (N.Y. 1987). *See Bellino*, 635 N.Y.S.2d at 313. *Clark-Fitzpatrick*, a leading case on unjust enrichment in New York, says only that "[t]he existence of a valid and enforceable written contract governing a particular subject matter *ordinarily* precludes recovery in quasi contract for events arising out of the same subject matter," 516 N.E. at 388 (emphasis added), and contemplates a narrower restriction on recovery in unjust enrichment than the one Kylin presses here, explaining that "[i]t is impermissible . . . to seek damages in an action sounding in quasi contract where the suing party has fully performed on a valid written agreement, the existence of which is undisputed, and the scope of which clearly covers the dispute *between the parties*," *id.* at 389 (emphasis added). *Feigen*, for its part, announces that "a non-signatory to a contract cannot be held liable where there is an express contract covering the same subject matter," 541 N.Y.S.2d at 283, relying on a single Court of Appeals case concerning implied-in-fact contract liability (*Julien J. Studley, Inc. v. New York News, Inc.*, 512 N.E.2d 300 (N.Y. 1987)), thereby "confusing contracts implied in fact with those implied in law," as *Seiden* correctly pointed out, 754 F. Supp. at 40-41. As far as this Court can tell, New York's highest court stopped short of ruling out unjust enrichment liability for non-parties to an existing contract in *Clark-Fitzpatrick*, and has never gone farther than that.

5

remedy against Kang — even if he could prove that Kang took money knowing it belong by right to Lee.  And that would be true "even if Kylin were insolvent at the time of judgment." *Id.*

In short, the Court does not accept Kylin's contention that the contracts between it and Lee categorically preclude a claim of unjust enrichment against Kang, who was not party to those contracts.  Further, because that "overly broad generalization," *Seiden*, 754 F. Supp. at 40, is the sole basis for Kylin's contention that Lee's proposed amendment would be futile, and Kylin makes no other argument against amendment under Rule 15, the Court grants Lee leave to amend.  *See, e.g.*, *Ouedraogo v. A-1 Int'l Courier Serv., Inc.*, No. 12-CV-5651 (AJN), 2013 WL 3466810, at *6 (S.D.N.Y. July 8, 2013) (noting that the party opposing a motion to amend bears the "burden" of establishing that amendment would be futile).  Further, discovery — which is otherwise done — is hereby extended for a period of thirty days for the limited purpose of allowing Lee to obtain information, through records and/or interrogatories, concerning disbursement of the money at issue.  Lee shall serve any requests for production or interrogatories within **one week of the date of this Memorandum Opinion and Order** and Defendants — Kylin and Kang — shall respond within **two weeks of such service**.  Any motion for summary judgment shall be filed within thirty days after the close of discovery; in the absence of any such motion, that is also the deadline for the parties' proposed joint pretrial order.  Finally, the parties shall appear for a pretrial conference on **April 4, 2019** at **3:30 p.m.**, in Courtroom 1105 of the Thurgood Marshall U.S. Courthouse, 40 Centre Street, New York, New York, and shall submit a pre-conference letter no later than the Thursday before the conference.  *See* Docket No. 25, at 5-6.  At the pretrial conference, the parties should be prepared to address, among other things, (1) whether they intend to move for summary judgment (and, if so, a

briefing schedule, particularly if there are likely to be cross-motions) and (2) the question of settlement.

Lee's motion for leave to file the proposed Second Amended Complaint is GRANTED. Lee is directed to file the Second Amended Complaint **within three business days of the date of this Memorandum Opinion and Order**.  The Clerk of Court is directed to terminate Docket No. 68 and, in light of the parties' agreement that Kylin's correct name is "Kylin Management LLC," *see* Kylin Mem. 6, to change "Kylin Management Firm LLC" to "Kylin Management LLC" on the docket and in the case caption (as set forth above).

SO ORDERED.

Dated: February 25, 2019
  New York, New York

JESSE M. FURMAN
United States District Judge